# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNIE KEITH, D.O., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-894-G |
| ) | |
| COOPER & SCULLY, P.C., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Now before the Court is Plaintiff's Motion to Remand or, in the alternative, Motion to Stay the Case (Doc. No. 6). Defendant has responded in opposition. *See* Doc. No. 8. Upon consideration of the parties' filings, the Court denies Plaintiff's motion.

*I.  Background*

Plaintiff filed a lawsuit on October 20, 2014, in Oklahoma County District Court against Cooper & Scully, P.C. and five other defendants, asserting claims for professional negligence/legal malpractice and breach of fiduciary duty. *See Keith v. Marrs*, No. CJ-2014-5811 (Okla. Cty. Dist. Ct. filed Oct. 20, 2014) (docket publicly available through http://www.oscn.net). On August 15, 2017, Plaintiff voluntarily dismissed Defendant Cooper & Scully, P.C., as well as Defendants Cynthia Goosen and Dana Morgan, without prejudice to refiling. The Court subsequently granted summary judgment in favor of the three remaining defendants—Perry Marrs, Jr., Benjamin Butts, and Butts & Marrs, PLLC. *See Keith*, No. CJ-2014-5811 (docket entry of March 29, 2018). Plaintiff's appeal of the

summary judgment ruling is currently pending before the Oklahoma Court of Civil Appeals.  *See Keith v. Marrs*, No. SD-117255 (Okla. Civ. App. filed Aug. 3, 2018).

On August 14, 2018, Plaintiff filed a new action in Oklahoma County District Court, naming Cooper & Scully, P.C. as the sole defendant and asserting the same claims he brought against that firm in CJ-2014-5811, in addition to claims of false representation and intentional infliction of emotional distress.  *See Keith v. Cooper & Scully, P.C.*, No. CJ-2018-4400 (Okla. Cty. Dist. Ct. filed Aug. 14, 2018); Notice of Removal Ex. 1 (Doc. No. 1-1) at 5-8.[1]  On September 11, 2018, Cooper & Scully, P.C. removed the case to this Court on grounds of diversity jurisdiction.  *See* Notice of Removal (Doc. No. 1) at 1.  After Cooper & Scully, P.C. had filed its notice of removal in this Court and had provided notice to Plaintiff in the state district court pursuant to 28 U.S.C. § 1446(d), a Civil Docket Transfer Order was filed in CJ-2018-4400, which identified the action as a "refile" of CJ-2014-5811 and reassigned the case to the state district judge who had presided over CJ-2014-5811.  *See* Pl.'s Mot. Ex. 7 (Doc. No. 6-7) at 1; *Keith*, No. CJ-2018-4400 (docket entry of Oct. 5, 2018).

II.     *Plaintiff's Request for Remand*

Citing 28 U.S.C. § 1446(c)(1), Plaintiff contends that this action must be remanded because more than a year has elapsed between the filing of the original action (Case No. CJ-2014-5811) and removal of the refiled action (Case No. CJ-2018-4400).  *See* Pl.'s Mot. at 7.  Plaintiff posits that the filing date of the original action (October 20, 2014) should be

---

[1] References to filings use the page numbers assigned by the Court's CM/ECF system.

treated as the triggering date under § 1446(c)(1) because "[t]he refiled case [*i.e.* Case No. CJ-2018-4400] has been transferred into CJ-2014-5811 pursuant to Oklahoma County Local Rule 8" via the Civil Docket Transfer Order. *Id.* at 4 (citing Pl.'s Mot. Ex. 7). The Court disagrees.

As an initial matter, Plaintiff misapprehends the effect of the Civil Docket Transfer Order and the purpose of Oklahoma County District Court Rule 8.[2] A Civil Docket Transfer Order filed pursuant to Rule 8 functions only to reassign an action to a different judge. *See supra* note 2. Consolidation of two or more cases, on the other hand, is governed by Rule 9 of the Oklahoma County District Court Rules. *See* Okla. Cty. Dist. Ct. R. 9 (titled "Reassignment and Consolidation of Cases Involving Identical Issues"). If, as Plaintiff suggests, Case No. CJ-2018-4400 had been consolidated or "transferred into"[3]

---

[2] Rule 8 of the Court Rules of the Seventh and Twenty-Sixth Judicial Administrative Districts ("Oklahoma County District Court Rules"), which governs the refiling of cases in the Oklahoma and Canadian County District Courts, provides in relevant part:

> A. When either a civil or criminal case is terminated other than on its merits and the same cause of action is thereafter refiled, the case shall be returned to the judge to whom it was originally assigned or the judge's successor, without regard to its case number or the judge assigned randomly upon refiling.
>
> . . . .
>
> B. The procedure for transferring such case is as follows: The party filing the case shall immediately bring it to the attention of the newly assigned judge who shall execute a transfer order transferring the case to the Chief Judge for reassignment to the original judge. . . .

Okla. Cty. Dist. Ct. R. 8 (publicly available at https://www.oklahomacounty.org/DocumentCenter/View/8835/Oklahoma-County-Official-Court-Rules-PDF.)

[3] Pl.'s Mot. at 7.

3

Case No. CJ-2014-5811, both case dockets would reflect an order of consolidation pursuant to Rule 9. A review of the state-court dockets reflects no such order.

Plaintiff has provided no authority supporting his proposition that the filing date of the original action triggers the one-year deadline imposed by § 1446(c)(1).[4] In fact, this Court and others have rejected that position. In *Beebe v. Flores*, No. CIV-11-1381-HE, 2012 WL 112330 (W.D. Okla. Jan. 12, 2012), it was held that

> [w]hile there is no controlling authority on point, the courts which have addressed this issue uniformly agree that when an action is dismissed without prejudice—even when voluntarily so by the plaintiff—and subsequently re-filed, a new "action" is commenced for purposes of removal. Thus, the court analyzes the timeliness or removal from the perspective of the second petition.

*Beebe*, 2012 WL 112330, at *1 (citations and footnote omitted); *accord Thrasher v. Windsor Quality Food Co. Ltd.*, No. 13-CV-780-GKF-PJC, 2014 WL 1572411, at *3 (N.D. Okla. Apr. 18, 2014) (collecting cases).

Accordingly, it is the filing date of Case No. CJ-2018-4400 that determines the timeliness of Defendant's removal. Because the initial pleading in CJ-2018-4400 was removable as filed, the timeliness of Defendant's removal is governed by 28 U.S.C. § 1446(b)(1), which permits removal within thirty days of a defendant's receipt of the

---

[4] Section 1446(c)(1) of Title 28 of the United States Code imposes a one-year deadline from "commencement of the action" for removal of cases under § 1146(b)(3). Section 1446(b)(3) applies only if "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b)(3). Under § 1446(b)(3), if the case is not initially removable but becomes removable, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

4

summons or petition. *See* 28 U.S.C. § 1446(b)(1). Here, because the action was commenced on August 14, 2018, and removed on September 11, 2018, it is indisputable that the notice of removal was timely filed. *See* Notice of Removal at 1; Notice of Removal Ex. 1 at 1; *Keith*, No. CJ-2018-4400 (docket entry of Sept. 14, 2018).

Plaintiff has failed to show that the removal of this action was untimely and does not dispute that the amount-in-controversy and complete-diversity requirements of 28 U.S.C. § 1332 are satisfied. *See* Pl.'s Mot. at 3. Therefore, the Court finds that Plaintiff's request for remand should be denied.

### III. *Plaintiff's Request to Stay Proceedings*

Plaintiff requests, in the alternative, that the Court stay the present federal action pending disposition of the appeal of the state district court's grant of summary judgment in favor of Perry Marrs, Jr., Benjamin Butts, and Butts & Marrs, PLLC in Case No. CJ-2014-5811. *See* Pl.'s Mot. at 8-9. Plaintiff contends that "the state court appeal will greatly affect the federal court case" and that a stay in proceedings is necessary to avoid waste of judicial resources, potential conflicts in rulings of fact and law, and unnecessary burden and expense for the parties. *Id.* at 2, 8-9.

The Court analyzes Plaintiff's request under the *Colorado River* doctrine, which authorizes a federal court to stay a suit within its jurisdiction in deference to a parallel state-court proceeding. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (*Colorado River*); *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). The doctrine is predicated not on constitutional concerns of federal-state comity, but on a "desire for judicial economy." *Rienhardt*, 164 F.3d at 1303; *see also Fox v. Maulding*, 16

F.3d 1079, 1080 (10th Cir. 1994) (explaining that under the *Colorado River* doctrine, a district court may stay a federal suit based upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" (alteration and internal quotation marks omitted) (quoting *Colorado River*, 424 U.S. at 817)); *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013). The Supreme Court has cautioned that "a stay . . . under the *Colorado River* doctrine would be 'a serious abuse of discretion' unless 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties. . . .'" *Fox*, 16 F.3d at 1081 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Costr. Corp.*, 460 U.S. 1, 28 (1983)).

In deciding whether to stay a federal action based on the *Colorado River* doctrine, the threshold question is whether the state and federal proceedings are parallel. *Id.* "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (internal quotation marks omitted) (quoting *New Beckley Mining Corp. v. Int'l United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). The Tenth Circuit has held that courts must "examine the state proceedings as *they actually exist*," exclusive of claims and/or parties that *could have* been included, "to determine whether they are parallel to the federal proceedings." *Id.* If the federal court determines that the state and federal proceedings are parallel, it must then consider whether "'exceptional circumstances' exist to warrant deference to parallel state proceedings." *Id.* at 1082. These considerations include: "(1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal

6

litigation; and (4) the order in which the courts obtained jurisdiction." *Id.* (citing *Colorado River*, 424 U.S. at 818).

The instant federal action is not parallel to the state-court proceeding in Case No. CJ-2014-5811 (and the pending appeal of the decision in that case) within the meaning of the *Colorado River* doctrine, as it does not involve "substantially the same parties." *Id.* at 1081 (internal quotation marks omitted). Defendant Cooper & Scully, P.C.—the sole defendant in this federal action—was voluntarily dismissed from Case No. CJ-2014-5811 in August 2017, and, as such, it is not a party to the state-court proceeding. Thus, the state-court action cannot serve as an "adequate vehicle" for the complete resolution of the issues between Plaintiff and Defendant Cooper & Scully, P.C. such that the Court could properly stay the federal proceedings under the *Colorado River* doctrine. *Id.* (internal quotation marks omitted). The Court, therefore, declines to stay proceedings in this matter.

## CONCLUSION

For these reasons, the Court concludes that this case should not be remanded and, further, should not be stayed pending resolution of the appeal in *Keith v. Marrs*, No. CJ-2014-5811 (Okla. Cty. Dist. Ct. filed Oct. 20, 2014).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand or, in the alternative, Motion to Stay (Doc. No. 6) is DENIED.

IT IS SO ORDERED this 26th day of November, 2018.

_____
CHARLES B. GOODWIN
United States District Judge